No. 20-17490

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PANGEA LEGAL SERVICES, et al.
Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.
Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**JOINT MOTION TO CONTINUE HOLDING
APPEAL IN ABEYANCE**

BRIAN M. BOYNTON
*Acting Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice
Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
PATRICK GLEN
CHRISTINA P. GREER
*Senior Litigation Counsel*
CRAIG NEWELL
*Trial Attorney*

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 31-2.2(b), the parties jointly move this Court to continue holding this appeal in abeyance pending review of the rule at issue in this case, *Procedures for Asylum and Bars to Asylum Eligibility*, 85 Fed. Reg. 67,202 (Oct. 21, 2020) (Rule), by the Departments of Justice and Homeland Security. This is the parties' second such motion. The Court granted the parties' first motion on January 28, 2021, holding the case in abeyance until April 27, 2021, pending further motions from the parties. Dkt. 16.

In support of this motion, the parties state as follows:

1. This case involves an Administrative Procedure Act (APA) challenge to the Executive's legal authority to issue regulations barring non-citizens convicted of certain crimes from receiving asylum under 8 U.S.C. § 1158.

2. The district court enjoined the rule nationwide, concluding that it exceeded the Departments' statutory authority and that it was arbitrary and capricious under the APA. *See Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, No. 20-CV-07721-SI, 2020 WL 6802474, at *1 (N.D. Cal. Nov. 19, 2020).

3. The government appealed, and filed its opening brief on January 19, 2021.

4. As the Government stated in the parties' January 26, 2021 motion to hold this appeal in abeyance, the Departments are reviewing the rule at issue in this appeal. The rule continues to be under review.

2

5. Given this ongoing review, holding this appeal in abeyance will therefore allow incoming Department leadership time to consider the issues in this appeal and to review the rule. That review may result in modification or rescission of the rule. If, following their review, the Departments elect to promulgate a new rule that is different from the rule at issue in this appeal, or to rescind the rule entirely, that would likely obviate the need for judicial review of the current rule.

6. Should the Court grant this motion, the government proposes to submit a status report to the Court within 90-days, updating the Court on the status of the rule.

7. Counsel for Appellees have informed undersigned counsel that they consent to and join this motion.

        Respectfully submitted,

        BRIAN M. BOYNTON
         *Acting Assistant Attorney General*
        WILLIAM C. PEACHEY
         *Director*
    By: /s/ *Erez Reuveni*
        EREZ REUVENI
         *Assistant Director*
         Office of Immigration Litigation
         U.S. Department of Justice, Civil Division
         P.O. Box 868, Ben Franklin Station
         Washington, D.C. 20044
         Tel: (202) 307-4293
         Email: Erez.R.Reuveni@usdoj.gov
        PATRICK GLEN
        CHRISTINA P. GREER
         *Senior Litigation Counsel*
        CRAIG NEWELL
         *Trial Attorney*

Dated: April 26, 2021        *Attorneys for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

        By: */s/ Erez Reuveni*
           EREZ REUVENI
           Assistant Director
           United States Department of Justice
           Civil Division

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 360 words. This motion complies with the typeface and the type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

5